McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare St., Ste. 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendants Federal Bureau of Investigation,
Drug Enforcement Administration, United States
Marshals Service and Department of Justice

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SCHULZE, | 1:05-cv-00180-AWI-LJO |
| Plaintiff, | **DEFENDANTS'** ***SECOND*** **EX PARTE APPLICATION FOR EXTENSION OF TIME BY WHICH TO FILE DISPOSITIVE MOTIONS; ORDER** |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE and DEPARTMENT OF JUSTICE, | [Local Rule 6-144(c)] |
| Defendants. | |

Pursuant to Local Rule 6-144(c), defendants Federal Bureau of Investigation, Drug Enforcement Administration, United States Marshals Service and Department of Justice ("defendants") request by way of this ex parte application a sixty-day extension of time by which all parties must file dispositive motions in this case. The present dispositive motion deadline is March 20, 2007. Defendants seek to extend this deadline until May 21, 2007, and base this application on good cause. Defendants explain as follows:

1. Plaintiff Michael Schulze ("plaintiff") brings FOIA and Privacy Act claims within this action while incarcerated within the Bureau of Prisons system. On January 20, 2006, this Court issued a Discovery and Scheduling Order regarding this case. (Doc 35). Within this order, the Court initially set a dispositive motion filing deadline of January 20, 2007.

2. From January 17, 2007 through February 14, 2007, the undersigned counsel for defendants tried a complicated condemnation case in Courtroom 2 of this court. (Declaration of Brian W. Enos ("Enos Decl."), para. 4). Since this trial encompassed defendants' above-referenced dispositive motion filing deadline, defendants moved ex parte on December 21, 2006 to extend this deadline two months, or until March 20, 2007. The court granted this request by way of formal order, dated December 22, 2006. (Doc. 45).

3. Defendants at this time request an additional 60 days by which to file dispositive motions in this case, and base their request on good cause. To explain chronologically:

    a. Plaintiff Michael Schulze, an inmate presently housed within the Bureau of Prisons system, filed the present FOIA/Privacy Act action in February 2005, and prior to complying with defendant United States Marshals Service's procedures and payment requirements for processing FOIA requests. As a result, the USMS has only recently been able to complete the processing of plaintiff's requests, and awaits payment from plaintiff so it can send him requested documents. (Enos Decl., para. 5(a); Exh. A).

2

b.  To explain, and as revealed in the December 15, 2005 Declaration of USMS Associate General Counsel William E. Bordley (see Enos Decl., Exh. A), plaintiff failed to support his initial September 30, 2004, FOIA request to the USMS with the requisite certification of identity. Specifically, the USMS acknowledged receipt of plaintiff's FOIA request by way of written letter dated October 19, 2004, and asked plaintiff to provide certification of his identity at that time.  Plaintiff did not provide such certification as requested.  In fact, the USMS was not notified of plaintiff's filing the present action until late 2005.  (Enos Decl., para. 5(b); See also Declaration of William E. Bordley, paras. 3-7 and attachment to same, attached to Enos Decl. as Exhibit A.)

c.  On June 12, 2006, the USMS advised plaintiff in writing that it had conducted a search of its records and located approximately 994 pages of documents responsive to his request. (Enos Decl., para. 5(c); Exh. B).  At this time, the USMS also disclosed the first 100 pages of plaintiff's requested documents at no cost to him pursuant to 28 C.F.R. §16.11(d)(3)(i).  Within the above letter, the USMS also explained where it redacted components of additional documents to be disclosed (and identified the FOIA exemptions justifying the same), and further advised plaintiff that it would release records upon receiving plaintiff's payment for them.  (Ibid.)

3

      d.   On June 16, 2006, plaintiff advised the USMS in writing of his willingness to pay for the above records. (Enos Decl., para. 5(d); Exh. C)

      e.   On January 19, 2007, the USMS advised plaintiff in writing that it had determined that it had 597 pages of documents responsive to his FOIA request, rather than the 884 pages as earlier indicated, and explained this numerical discrepancy. (Enos Decl., para. 5(e); Exh. D). The USMS again explained the bases for his intended disclosures, and again advised plaintiff that it would send him the requested records upon its receipt of his payment for them. This letter was returned to the USMS, in that the USMS had inadvertently sent it to plaintiff's prior USP Bennettsville, South Carolina address unaware that he had since been transferred to USP Honolulu, Hawaii. I am informed and believe that the USMS is now aware of this issue and sending the attached letter to plaintiff in Honolulu, and will further send plaintiff requested records as soon as it receives his payment for them.

      f.   Based on the above, defendants seek an additional 60 days by which to file their dispositive motion in this case. (Enos Decl., para. 5(f)). The USMS advises that it will be able to send plaintiff his requested records, as well as any necessary Vaughn index explaining redactions and their legal bases, within this time frame. (<u>Ibid</u>.)

4.   In addition to working with counsel for the USMS on this matter, the undersigned is also working with counsel for the

DEA and FBI. (Enos Decl., para. 6) The FBI has recently restructured its FOIA response procedures, and now processes all FOIA requests at its main headquarters in Washington, D.C. rather than appropriate field offices. As a result, FBI counsel in Sacramento assigned to this case is determining the extent he may need to coordinate with the appropriate personnel in Washington as he assists with defendants' motion. If so, it may take a few weeks to complete this coordination. (Ibid.)

5. Based on the above, an additional 60 days is needed to prepare and file defendants' dispositive motion in this case. Plaintiff is not prejudiced by this request, in that the USMS's inability to process his FOIA request when first requested is the result of his failing to provide the requisite certification of identity. In addition, plaintiff has not yet paid for the remaining documents, despite indicating his willingness to do so. (Enos Decl., para. 7).

6. A timely stipulation extending time cannot be reasonably obtained, in that plaintiff, acting pro se, is presently incarcerated. (Enos Decl., para. 8).

9. In light of the foregoing, defendants respectfully request the Court to extend the parties' deadline by which to file dispositive motions in this case by 60 days, or through May 21, 2007. Beforehand, defendants are simply unable to complete all processing of plaintiff's FOIA requests in a manner that
///
///
///

5

would allow the Court to definitively rule in this case.

                                                Respectfully submitted,

Dated: March 13, 2007               McGREGOR W. SCOTT
                                         United States Attorney

                                  By:  /s/ Brian W. Enos_____
                                       BRIAN W. ENOS
                                         Assistant U.S. Attorney
                                         Attorneys for defendants
                                         Federal Bureau of
                                         Investigation, Drug
                                         Enforcement Administration,
                                         United States Marshals Service
                                         and Department of Justice

                                  **ORDER**

IT IS SO ORDERED.

**Dated:   March 14, 2007**                   **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE