McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare St., Ste. 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendants Federal Bureau of Investigation,
Drug Enforcement Administration, United States
Marshals Service and Department of Justice

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SCHULZE, | 1:05-cv-00180-AWI-NEW (WMW) |
| Plaintiff, | **DEFENDANTS'** ***THIRD*** **EX PARTE APPLICATION FOR EXTENSION OF TIME BY WHICH TO FILE DISPOSITIVE MOTIONS; [PROPOSED] ORDER** |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE and DEPARTMENT OF JUSTICE, | [Local Rule 6-144(c)] |
| Defendants. | |

Pursuant to Local Rule 6-144(c), defendants Federal Bureau of Investigation, Drug Enforcement Administration, United States Marshals Service and Department of Justice ("defendants") request by way of this ex parte application a forty-five day extension of time by which all parties must file dispositive motions in this case. The present dispositive motion deadline is May 21, 2007. Defendants seek to extend this deadline until July 6, 2007, and base this application on ample good cause. Defendants explain as follows:

Case 1:05-cv-00180-AWI-EPG   Document 50   Filed 05/15/07   Page 2 of 7

1.      Plaintiff Michael Schulze brings FOIA and Privacy Act claims against defendants while incarcerated within the Bureau of Prisons system. (Declaration of Brian W. Enos ("Enos Decl."), para. 2). Defendants request a 45-day extension of the parties' deadline by which to file their dispositive motions in this case, or from May 21, 2007 until July 6, 2007. Defendants understand that this is their third ex parte application filed in this case. As chronologically explained below, however, it is based upon good cause. (Enos Decl., para. 3).

2.      By way of brief background, this Court issued a Discovery and Scheduling Order on January 20, 2006 regarding this case. (Doc 35). Within this order, the Court initially set a dispositive motion filing deadline of January 20, 2007. In light of a complicated, month-long trial that the undersigned tried in Courtroom 2 of this court from January 17, 2007 through February 14, 2007, however, the court extended this deadline to March 20, 2007 by way of formal order. (Doc. 45; Enos Decl., para. 4).

3.      While working on this case in early March 2007, defendants' counsel learned that plaintiff's claims against defendant USMS were not yet administratively exhausted or fully developed. (Enos Decl., para. 5). Specifically, at that time the USMS had not yet completed the processing of plaintiff's FOIA request, because (1) plaintiff had not yet satisfied the USMS's procedures and payment requirements for processing FOIA requests, (2) due to plaintiff's filing the instant action prior to satisfying these requirements, the USMS had only recently completed processing plaintiff's initial requests, and (3) the

2

USMS encountered difficulties in timely communicating with plaintiff due to his being transferred among penitentiaries within the United States Bureau of Prisons. (Id.; See also Doc. 48).

    4.  In light of the above, defendants applied ex parte on March 13, 2007 to continue this action's dispositive motion filing deadline 60 days, or from March 20, 2007 until May 21, 2007. (Doc. 47; Enos Decl., para. 6).  The court granted this application by way of formal order, dated March 14, 2007. (Doc. 48; Enos Decl., para. 6, Exh. A).

    5.  Defendants at this time request an additional 45 days by which to file dispositive motions in this case, and base their request on good cause. (Enos Decl., para. 7).  In brief and as explained in more detail below, the USMS and plaintiff are working diligently toward narrowing and potentially resolving all issues relating to plaintiff's claims against this defendant. (Ibid.) While plaintiff still has not paid for the documents he requests from the USMS as required, the USMS in good faith produced hundreds of documents to him last month. (Ibid.) In addition, and pursuant to plaintiff's subsequent claim that more documents should be forthcoming, the USMS searched for and recently located additional documents that it is presently reviewing. (Ibid.) Since the USMS has only received some of these additional documents earlier this week, it needs limited additional time by which to analyze them, produce them as appropriate, and if necessary prepare a Vaughn index of documents

3

not produced. (Ibid.) To specify chronologically, since March 14, 2007:

    a.   The USMS provided plaintiff with over 500 pages of documents he requested under FOIA. (Enos Decl., para. 7(a)). Defendant acknowledges receiving these documents on or about April 2, 2007. (Ibid.) In response to this production, plaintiff sent the USMS a letter on April 4, 2007 (and the undersigned a cover letter attaching the same on April 5, 2007), in which he requested additional documents relating the sales of various items of real and personal property that he alleges to have owned and had seized from him regarding a prior criminal matter. (Enos Decl., para. 7(a), Exh. B).

    b.   USMS Associate General Counsel Ed Bordley responded to plaintiff's April 4, 2007 letter in writing on April 26, 2007. (Enos Decl., para. 7(b), Exh. C). Within this letter, the USMS explained to plaintiff why it sent him the documents it did. (Ibid.) It also advised plaintiff of its willingness to "conduc[t] another search for records in the USMS Headquarter's Asset Forfeiture Office and the USMS districts [sic] offices in Nevada and Hawaii" regarding the litany of items plaintiff claimed that the USMS seized from him as part of the prior criminal matter. (Ibid.) The USMS agreed to as much (despite still not receiving plaintiff's requisite payments) "based on the additional information [plaintiff] provided in his April 4, 2007 letter." (Ibid.)

      c.   On May 10, 2007, Mr. Bordley of the USMS sent plaintiff another letter, this time advising him of the results of the USMS's second search for documents. (Enos Decl., para. 7(c), Exh. D).  Within this letter, the USMS advised plaintiff that it "completed a thorough and extensive search of their files for records pertaining to [him] and for property seized from [him]." (<u>Ibid</u>.) It also advised him that as a result of this search, a "substantial number of additional documents have been forwarded to [its] office for processing." (<u>Ibid</u>.) These documents did not arrive at the USMS's Office of General Counsel for analysis until a few days ago. (<u>Ibid</u>.) The USMS further advised plaintiff that it was currently reviewing these additional documents to determine the number of pages that may be disclosed in response to his requests, and that it anticipated its "complet[ing] the processing of these documents within two or three weeks" from the date of its May 10, 2007 letter. (<u>Ibid</u>.)

      d.   In light of the above, defendants seek an additional 45 days by which to file their dispositive motion in this case.  The USMS anticipates that it will be able to send plaintiff his requested records, as well as any necessary Vaughn index explaining redactions and their legal bases, well within this time frame. (Enos Decl., para. 7(d)).  The USMS conducted an exhaustive search for all records plaintiff claims to exist, and is fairly certain that it has located all such records. (<u>Ibid</u>.) Now, it only

5

needs to process them in order for the parties to determine the extent judicial assistance is ultimately necessary to resolve all matters relevant to defendant USMS. (Ibid.)

6.   Plaintiff is not prejudiced by this request, and instead appears to have been working with the USMS in trying to narrow, and perhaps eliminate altogether, his concerns relevant to this defendant. (Enos Decl., para. 8). This will, in turn, narrow the number of issues ultimately to be presented to the court.  Although the USMS is indeed processing and producing documents to plaintiff, he is further not prejudiced in that he has not yet paid for requested documents, despite indicating his willingness to do so long ago. (Ibid.)

7.   A timely stipulation extending time cannot be reasonably obtained, in that plaintiff, acting pro se, is presently incarcerated. (Enos Decl., para. 9).

8.   In light of the foregoing, defendants respectfully request the court to extend the parties' deadline by which to file dispositive motions in this case by 45 days, or through July 6, 2007.  Beforehand, defendants are simply unable to complete all processing of documents obtained in response to plaintiff's FOIA requests in a manner that would allow the Court to definitively rule in this case.

                                              Respectfully submitted,

Dated: May 11, 2007              McGREGOR W. SCOTT
                                     United States Attorney

                                    By: /s/ Brian W. Enos_____
                                        BRIAN W. ENOS
                                        Assistant U.S. Attorney
                                        Attorneys for defendants

6

**ORDER**

IT IS SO ORDERED.

**Dated:    May 15, 2007**                    /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE