McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendants Federal Bureau of Investigation, Drug Enforcement Administration, United States Marshals Service and Department of Justice

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHULZE,<br><br>            Plaintiff,<br><br>     v.<br><br>FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE and DEPARTMENT OF JUSTICE,<br><br>            Defendants. | 1:05-cv-00180-AWI-NEW(WMW)<br><br>**DEFENDANTS FOURTH EX PARTE APPLICATION FOR EXTENSION OF TIME BY WHICH TO FILE DISPOSITIVE MOTIONS**<br><br>**ORDER**<br><br>[Local Rule 6-144(c)] |

Pursuant to Local Rule 6-144 , defendants Federal Bureau of Investigation, Drug Enforcement Administration, United States Marshals Service and Department of Justice ("defendants") request by way of this ex parte application a seven-day extension of time by which all parties must file dispositive motions in this case. The present dispositive motion deadline is July 6, 2007. Defendants seek to extend this deadline until July 13, 2007, and base this application on good cause. Defendants explain as follows:

    1. Plaintiff Michael Schulze brings FOIA and Privacy Act claims against defendants while incarcerated within the Bureau of Prisons system. (Declaration of Brian W. Enos ("Enos Decl."), para. 2). Defendants request a seven-day extension of the parties' deadline by which to file their dispositive motions in this case, or from July 6, 7002 until July 13, 2007. Defendants

1  understand that this is their fourth ex parte application filed in this case, and the undersigned
2  apologizes to the court for its being filed on the date of this case's present dispositive motion
3  filing deadline. (Enos Decl., para. 3).  As explained below, however, this application is based on
4  good cause.  (Id., at paras. 3-8).

5      2.     By way of brief background, this action's present dispositive motion filing
6  deadline is today, July 6, 2007.  (Doc. 50).  Until approximately 10:00 a.m. this morning, the
7  undersigned anticipated filing defendants' summary judgment motion today. (Enos Decl., para. 4;
8  Declaration of Peggy Bellando ("Bellando Decl."), para. 7).   Because this matter comprises a
9  fact-intensive FOIA case, defendants' brief is presently being supported by four declarations and
10 three Vaughn indices collectively spanning hundreds of pages.  (Ibid.)

11     3.    The undersigned litigation counsel possesses signed declarations and attendant
12 Vaughn indices from representatives of defendants DEA and USMS, and they have been
13 incorporated into defendants' draft moving papers. (Enos Decl., para. 5).  He also received a
14 lengthy (approximately 400 pages) a *draft* declaration/Vaughn index from defendant FBI this
15 past Tuesday, which has likewise been incorporated into defendants' draft moving papers. (Ibid.)
16 He learned this morning from the FBI, however, that it would be unable to finalize, proofread
17 and sign its declaration/Vaughn declaration by today. (Ibid; Declaration of Peggy Bellando
18 ("Bellando Decl."), para. 7).  Prior to this morning, the undersigned understood from the FBI was
19 that it would be able to send .pdf copies of its finalized documents to him in time to file
20 defendants' dispositive motion today. (Enos Decl., para. 5)  The undersigned understands now
21 that among the reasons for the FBI's short delay was its recently receiving documents from the
22 USMS about this case that it must analyze, process and address in defendants' moving papers.
23 (Ibid.)

24     4.    Defendants at this time request an additional *one week* by which to file dispositive
25 motions in this case, and base their request on good cause. (Enos Decl., paras. 3-8).  The FBI
26 believes it will be able to deliver a signed declaration, exhibits and Vaughn index in time to
27 allow defendants to file their moving papers next week. (Enos Decl., para. 6).
28

///

5.      Plaintiff is presently in transit between USP facilities. (Enos Decl., para. 7). As such, plaintiff is not prejudiced by this request, in that he is presently not receiving mail. (Ibid.)

6.      A timely stipulation extending time cannot be reasonably obtained, in that plaintiff, acting pro se, is presently incarcerated and in transit between USP facilities within the State of Hawaii. (Enos Decl., para. 8).

7.      The FBI provides the following additional good cause in support of this application:

### Strains on the FBI's FOIA Resources

a.    Two significant factors have impacted on the FBI's ability to meet the current litigation deadline: (a) several urgent and competing litigation deadlines, and (b) the physical relocation of a portion of the Section's personnel and resources from FBIHQ to the interim facility in Frederick County, Virginia, both of which will be discussed in further detail below. (Bellando Decl., para. 8).

### Pending FOIA Litigations

b.    First, the FBI's Record/Information Dissemination Section ("RIDS") has been strained by substantial litigation demands. (Bellando Decl., para. 9). These litigation demands have, in part, been responsible for the FBI's delay in meeting the deadline earlier represented to its counsel. (Ibid.) At the present time, the FBI is involved in approximately 100 pending lawsuits in various federal courts throughout the United States. (Ibid.) These lawsuits have required a substantial time commitment by RIDS personnel, including the Freedom of Information-Privacy Acts Litigation Support Unit ("FOIPA LSU") responsible for preparing the Vaughn declaration in this litigation. (Ibid.) Recently, the FBI has been judicially pressed to step up its processing of certain FOIA requests in response to district court orders and court action, further hampering its efforts to meet previously set deadlines for other pending FOIA requests. (Ibid.) Three recent lawsuits initiated by the Electronic Frontier Foundation ("EFF") in the U.S. District Court

for the District of Columbia have strained RIDS resources. (Ibid.) For example, in one EFF FOIA litigation, which seeks access to National Security Letters and related material, Judge John Bates has ordered the FBI to process 2,500 pages every thirty days until all responsive documents have been reviewed (which currently the FBI estimates will exceed 100,000 pages). (Ibid.) In the FBI's largest FOIA litigation in its history, Rosenfeld v. DOJ (N.D. Cal.), the FBI has been ordered to conduct hand searches of its Counterintelligence Program ("COINTELPRO") files for numerous subjects, and to open thirteen (13) new FOIA requests on individual subjects. (Ibid.) In order to comply with these demands, the FBI has had to realign its personnel resources and has made a substantial commitment of resources to address all of these court-ordered issues. (Ibid.) In addition, RIDS personnel are actively responding to FOIA/Privacy Act requests in several other pending district court litigations, which total tens of thousand of pages. (Ibid.)

### RMD Relocation to Frederick County, Virginia

c.  The decision to locate the permanent CRC site in Frederick County, Virginia, is currently pending with the U.S. General Services Administration. (Bellando Decl., para. 10). The FBI has begun the temporary relocation of Records Management Division ("RMD") sections to interim sites in Frederick County, Virginia, and will continue with a full relocation of its workforce once the permanent CRC is built and ready for occupancy, sometime around the year 2010. (Ibid.) The interim sites are approximately 90 miles out of the Washington, D.C. metropolitan area – about a 1½-hour drive from FBIHQ. (Ibid.)

d.  RIDS began relocation of its operations in February 2006 by establishing an advance team to prepare for the eventual relocation of RIDS in incremental stages. (Bellando Decl., para. 11).  During the summer of 2006, RIDS began the first phase by relocating five and one half of its ten FBIHQ unit functions to an interim site, specifically half of the Service Request Unit, and all of Work Process Unit One, Work Process Unit Two, FOIPA Unit One, FOIPA Unit Two, and Classification Unit Two. (Ibid.) To ensure continuing RIDS operations during the move, half of the Service Request Unit function

and the functions of FOIPA Unit Three, Classification Unit One, Classification Unit Three, and the Litigation Support Unit remain at FBIHQ. (Ibid.) These FBIHQ units, with a total of approximately 85 employees currently on board, consist of the most senior and experienced RIDS employees. (Ibid.)

     e.  As evidenced by the FBI's 2006 FOIA/Privacy Act statistics, RIDS is making every effort to minimize disruption to operations during this transition period. (Bellando Decl., para. 12).  However, disruption to operations has been inevitable, and has caused a ripple effect throughout RIDS, impacting both litigation and non-litigation workloads. (Ibid.)  This has been made all the more challenging as many employees have opted not to transfer with their unit function, opting to either retire or find other jobs rather than relocate to Frederick County, Virginia. (Ibid.) Unfortunately, many of these employees were among the most senior and experienced in their area of expertise. (Ibid.) Since RMD announced its off-site relocation plans, a total of approximately 58 former RIDS employees have either resigned, retired, or found other jobs in the Washington, D. C. Metropolitan area, rather than relocate with their unit. (Ibid.) To date, a total of approximately 64 RIDS employees from FBIHQ relocated with their unit to Frederick County, Virginia.(Ibid.)

     f.  The FBI is engaged in aggressive and intense recruitment and hiring efforts in the Frederick County, Virginia area. (Bellando Decl., para. 13).  In response to several recent postings for new hires, RIDS selected 333 individuals for interviews in June and November of 2005 and in January, February, March, August, October, and December of 2006, collectively. (Ibid.) Of the 333 selected for interview, 82 candidates advised they were no longer interested prior to interview; of the remaining 251 candidates interviewed, 94 either declined the initial offer of conditional employment following their interview or were disqualified during their background investigation; approximately 35 employees have come on board; and the remaining are still pending in the background process. (Ibid.) Past experience has shown that approximately 33% of those in FBI background

5

investigations successfully complete the hiring process. (Ibid.) With approximately 203 employees currently on the rolls, RIDS is 108 positions under its funded staffing level of 311 employees. (Ibid.) In addition, in light of the continuing resolution pursuant to which much of the federal government is operating, and which has resulted in a hiring freeze until further notice, RMD may not be able to hire any new support employees in the immediate future. (Ibid.) The new RIDS employees who have less than one year of experience are in various stages of professional development, but none are yet operating as experienced employees. (Ibid.) It takes an average of three years to adequately train a new employee in the FOIA/PA process to be able to work independently in a productive, efficient, and effective manner. (Ibid.) Accordingly, at this time RIDS has only a limited number of experienced employees who are addressing FOIA/Privacy Act matters which are in litigation. (Ibid.)

**The Two Referrals of FBI Documents by USMS**

g. In addition, the FBI plans to also incorporate the two sets of documents – totaling approximately 110 pages – referred to it by USMS as part of its narrative Vaughn declaration. (Bellando Decl., para. 14). Although one USMS referral was sent to the FBI in January 2007, the second one was received by the FBI on June 27, 2007. (Ibid.) The requested additional time will permit the FBI to incorporate fully the 110-page USMS referral into its narrative Vaughn declaration, and thereby enable the FBI to move for full summary judgment by July 13, 2007. (Ibid.) Despite its continued efforts, the FBI has been unable to comply fully with today's Court deadline. However, the FBI anticipates that it will complete its narrative Vaughn declaration in support of its dispositive motion no later than July 13, 2007. (Bellando Decl., para. 15).

8. In light of the foregoing, defendants respectfully request the court to extend the parties' deadline by which to file dispositive motions in this case by 7 days, or from July 6, 2007 through July 13, 2007. Beforehand, defendants are unable to sign off on all necessary

///

declarations to be filed in support of their pending dispositive motion. (Enos Decl., para. 9).

                                                      Respectfully submitted,

Dated: July 6, 2007                         McGREGOR W. SCOTT
                                                     United States Attorney

                                      By:   /s/ Brian W. Enos
                                               BRIAN W. ENOS
                                               Assistant U.S. Attorney
                                               Attorneys for defendants

                                                   **ORDER**

IT IS SO ORDERED.

**Dated:   July 9, 2007**                      **/s/ Anthony W. Ishii**
                                            UNITED STATES DISTRICT JUDGE