McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for defendants Federal Bureau of Investigation, Drug Enforcement Administration, United States Marshals Service and Department of Justice

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHULZE,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE and DEPARTMENT OF JUSTICE,<br><br>        Defendants. | 1:05-cv-00180-AWI-GSA<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR COURT TO SET TIME BY WHICH THEY MUST FILE SUR-REPLY PAPERS IN SUPPORT OF SUMMARY JUDGMENT; ORDER**<br><br>[Local Rule 6-144(c)] |

Pursuant to Local Rule 6-144 , defendants Federal Bureau of Investigation, Drug Enforcement Administration, United States Marshals Service and Department of Justice ("defendants") request by way of this ex parte application for the court to set a date by which they must file sur-reply papers in support of their motion fur summary judgment. Defendants request that this deadline by set at thirty days from the filing of these ex parte papers, and base this application on good cause. Defendants explain as follows:

      1.     Plaintiff Michael Schulze brings FOIA and Privacy Act claims against defendants while incarcerated within the Bureau of Prisons system. (Declaration of Brian W. Enos ("Enos Decl."), para. 2).

///

      2.     By way of brief background, defendants filed their summary judgment papers

regarding all of plaintiff's claims on July 13, 2007. (Enos Decl., para. 4).  As revealed in the court's June 13, 2008 order, it has provided plaintiff extensions of time by which to oppose defendant's motion on at least five separate occasions[1], and in fact specifically ordered that "Plaintiff's opposition to Defendant's motion for summary judgment SHALL BE FILED by July 1, 2008." (Ibid.).  This same order required defendants to file their reply papers by July 14, 2008. (Ibid.).

      3.    Plaintiff failed to file any opposition papers to defendants' summary judgment motion by his July 1, 2008 deadline. (Enos Decl., para. 5).  As a result, defendants filed a reply brief on July 7, 2008 (and seven days prior to their deadline by which to file the same as indicated in the Court's June 13, 2008 order, assuming plaintiff's opposition papers were timely filed) advising the court that no opposition papers had been filed by the July 1, 2008 deadline. (Ibid.)

      4.    On July 8, 2008, plaintiff filed his opposition to defendants' summary judgment motion, which comprises 76 separate pages of material.  (Enos Decl., para. 6).  On July 13, 2008, defendants' counsel attempted to contact counsel for each of the three separate agencies plaintiff sues in this case regarding plaintiff's opposition papers. (Ibid.).  Thus far, he has only spoken to one of them. (Ibid.).

      5.    Defendants request thirty days from the filing of these ex parte papers by which to file sur-reply papers in support of their summary judgment motion. (Enos Decl., para. 7).  In light of (1) plaintiff's untimely opposition papers, which were ultimately filed a full 361 days after the filing of defendants' summary judgment motion and after the court's above-stated deadlines, (2) the volume of issues addressed within plaintiff's opposition papers, (3) defense counsel's need to coordinate the preparation of sur-reply papers among three separate agencies, (4) the existence of a variety of other hard deadlines to which defendant's counsel is in the midst of adhering

---

[1] As stated in the Court's June 13, 2008 order, it granted plaintiff additional time by which to file any opposition to defendants' July 2007 summary judgment motion no less than five times, including: (1) August 29, 2007 (Doc. 60), (2) October 19, 2007 (Doc. 66), (3) February 29, 2008 (Doc. 69), (4) March 24, 2008 (Doc. 71) and (5) June 13, 2008. (Doc. 75). (Enos Decl., para. 4).

(including those regarding other cases in this court) and (5) defense counsel's scheduled out-of-town leave with his family the week of August 4, 2008, defendants base this application on good cause. (Ibid.).

6. A timely stipulation extending time cannot be reasonably obtained, in that plaintiff, acting pro se, is presently incarcerated at a USP facility in South Carolina. (Enos Decl., para. 8).

7. In light of the foregoing, defendants request the court to set the parties' deadline by which to file their sur-reply papers at thirty days from the filing of these ex parte papers. (Enos Decl., para. 9).

                              Respectfully submitted,

Dated: July 30, 2008                 McGREGOR W. SCOTT
                                    United States Attorney

                             By:   /s/ Brian W. Enos
                                    BRIAN W. ENOS
                                    Assistant U.S. Attorney
                                    Attorneys for defendants

**ORDER**

IT IS SO ORDERED.

**Dated:   August 1, 2008**                   **/s/ Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE