UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL SCHULZE, | ) | 1:05-cv-00180 AWI GSA |
| | ) | |
| Plaintiff, | ) | **ORDER REGARDING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| v. | ) | **LEAVE TO DEPOSE** |
| | ) | **DEFENDANTS' WITNESS** |
| FEDERAL BUREAU OF | ) | **THROUGH WRITTEN** |
| INVESTIGATION, et. al., | ) | **INTERROGATORIES** |
| | ) | |
| Defendants. | ) | (Document 95) |

On December 17, 2010, Plaintiff Michael Schulze filed a motion for leave to depose a defense witness via written interrogatories. (Doc. 95.) On January 10, 2011, Defendants opposed Plaintiff's motion. (Doc. 100.)

**PROCEDURAL BACKGROUND**

On February 9, 2005, Plaintiff filed a complaint, brought pursuant to the Freedom of Information Act ("FOIA"), naming the Federal Bureau of Investigation, Drug Enforcement Administration, United States Marshals Service and Department of Justice as Defendants. (Doc. 1.) Plaintiff filed an amended complaint on August 12, 2005. (Doc. 11.) Summonses issued August 17, 2005. (Docs. 13-16.) On December 19, 2005, Defendants filed an answer to Plaintiff's first amended complaint. (Doc. 31.)

//
//

1  On January 20, 2006, the Court issued its Discovery and Scheduling Order.  All discovery
2  and discovery motions were to be completed by or heard no later than December 18, 2006.  (Doc. 35,
3  ¶ 6.)
4  On July 13, 2007, Defendants filed a Motion for Summary Judgment, or, in the Alternative,
5  Partial Summary Judgment.  (Doc. 54.)  On August 13, 2007, Plaintiff moved to stay the proceedings
6  pending his transfer from a federal prison in Hawaii to a facility in South Carolina.  The transfer was
7  expected to take up to ninety (90) days.  (Doc. 58.)  On August 20, 2007, Defendants filed a
8  statement of non-opposition to Plaintiff's motion to stay the proceedings.  (Doc. 59.)
9  On August 29, 2007, District Judge Anthony W. Ishii ordered this matter be stayed, and
10 directed Plaintiff to file a notice regarding completion of the transfer.  (Doc. 60.)
11 On September 24, 2007, Plaintiff filed a Notice of Change of Address to Bennettsville, South
12 Carolina.  (Doc. 61.)
13 On October 15, 2007, Plaintiff sought an extension of time within which to respond to
14 Defendants' motion for summary judgment.  (Doc. 64.)  Defendants filed a statement of non-
15 opposition.  (Doc. 65.)  On October 22, 2007, the Court lifted the previously imposed stay, and
16 granted Plaintiff's request for an extension of time.  (Doc. 66.)  A second extension was also granted.
17 (*See* Docs. 68 & 69.)
18 On March 10, 2008, Plaintiff again filed a motion to stay these proceedings, indicating that
19 he was to be transported from South Carolina to Hawaii for legal proceedings.  (Doc. 70.)  On March
20 25, 2008, Judge Ishii issued an order staying the matter through May 26, 2008.  (Doc. 71.)
21 On June 9, 2008, following Plaintiff's return to the facility in South Carolina, the stay was
22 lifted and Plaintiff was ordered to file an opposition to Defendants' motion for summary judgment
23 no later than July 1, 2008.  (Doc. 75.)
24 Plaintiff's July 1, 2008, opposition was filed with the Court on July 8, 2008.  (Doc. 78.)
25 Defendants filed a sur-reply on August 29, 2008.  (Doc. 81.)
26 On July 21, 2010, Judge Ishii issued his Memorandum Opinion and Order Granting in Part
27 and Denying in Part Defendants' Motion for Summary Judgment.  (Doc. 86.)
28

1   On September 13, 2010, Defendants filed a Motion for Dismissal and Summary Judgment.
2   (Doc. 89.)  On November 3, 2010, Judge Ishii issued an order Directing Service of Defendants'
3   Second Motion for Summary Judgment.  (Doc. 90.)
4   On December 17, 2010, Plaintiff filed a motion seeking an extension of time within which to
5   oppose Defendants' second motion for dismissal and/or summary judgment.  (Doc. 94.)  On
6   December 23, 2010, this Court issued an Order granting Plaintiff an extension through and including
7   February 1, 2011, within which to file an opposition.  (Doc. 96.)
8   Now pending for resolution before this Court is Plaintiff's motion for leave to conduct
9   written discovery.  (Doc. 95.)

10                              **DISCUSSION**

11  Initially, this Court notes that Plaintiff references Rules 31, 32 and 33 of the Federal Rules of
12  Civil Procedure in his request for leave to conduct additional written discovery of a defense witness.
13  (Doc. 95 at 1.)  However, because discovery has long since concluded, these rules do not apply.
14  Because the written interrogatories Plaintiff seeks to serve relate directly to Defendants' pending
15  motion to dismiss and summary judgment, Rule 56(d) of the Federal Rules of Civil Procedure is
16  applicable.  It provides as follows:

17  **When Facts are Unavailable to the Nonmovant**.  If a nonmovant shows by
    affidavit or declaration that, for specified reasons, it cannot present facts essential to
18  justify its opposition, the court may:
    (1) defer considering the motion or deny it;
19  (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.
20

21  *Discovery Deadline Has Passed*

22  Plaintiff seeks to conduct additional discovery well after the deadline for conducting and
23  completing discovery has passed, to wit:  December 18, 2006.
24  This case has been pending for more than five years and discovery has been closed for more
25  than four years.  Thus, this Court is not inclined to grant any request that will cause unnecessary
26  delay.  *See, e.g., Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986) (the court has the
27  inherent power to control its docket).
28

### *Limitations re Discovery in FOIA Cases*

The Freedom of Information Act[1] stipulates that any person has a right of access to federal agency records, except for those records protected from disclosure by one of nine exemptions. The purpose of the FOIA is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978).

As correctly noted in Defendants' opposition however, discovery is typically inappropriate in FOIA cases.[2] *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003), citing *Judicial Watch, Inc. v. Export-Import Bank*, 108 F.Supp.2d 19, 25 (D.D.C. 2000).

Moreover, discovery should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains. *See Judicial Watch, Inc. v. U.S. Dept. of Justice*, 185 F.Supp.2d 54, 65 (D.D.C. 2002). Discovery is only appropriate when an agency has not taken adequate steps to uncover responsive documents. *See SafeCard Services, Inc. v. Securities and Exchange Commission*, 926 F.2d 1197, 1202 (D.C. Cir. 1991).

This Court has reviewed the Declaration of Assistant United States Attorney Kenneth M. Sorenson dated September 13, 2010, and has concluded that nothing in the declaration compels this Court to order additional discovery by way of Plaintiff's proffered written questions. (*Cf.* Doc. 89-4 to Doc. 95 at 8-11.) Plaintiff's request relates to the very information that is the subject of his FOIA

---

[1] *See* Title 5 of the United States Code section 552.

[2] FOIA cases are usually decided at the summary judgment stage. *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F.Supp.2d 1126, 1131 (N.D. Cal. 2008) ("Procedurally, district courts typically decide FOIA cases on summary judgment before a plaintiff can conduct discovery"); *Sakamoto v. EPA*, 443 F.Supp.2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim").

complaint. (*See* Doc. 11, ¶¶ 17-18, 71-80, 81-85, 86(f)&(g).) "Courts routinely delay discovery until after summary judgment in [FOIA] cases, and this circuit has affirmed denials of discovery where, as here, the plaintiff's requests consisted of 'precisely what defendants maintain is exempt from disclosure to plaintiff pursuant to the FOIA.'" *Lane v. Department of Interior*, 523 F.3d at 1134-1135, internal citations omitted.

Here, the Court has thoroughly reviewed Plaintiff's motion as well as Defendants' opposition and has concluded that the declarations are reasonably detailed and were submitted in good faith. (Doc. 100 at 4-6 & Doc. 95 at 2-7.)[3]  Plaintiff has failed to rebut the presumption of good faith to which Defendants are entitled. *See Carney v. United States Department of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

Moreover, under Exemption 7(D)[4], any information that a law enforcement agency receives from a confidential source in the course of a criminal investigation is protected from disclosure. *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 492 & n. 114 (D.C. Cir. 1980).  This exemption "may be claimed regardless of the public interest in disclosure." *Jones v. Fed. Bureau of Investigation*, 41 F.3d 238, 247 (6th Cir.1994), citing *Lesar*, 636 F.2d at 492.  Additionally, this protection continues even after a source has been publicly identified, and the agency does not waive its right to assert this exemption when the confidential source testifies in open court. *Parker v. Dep't of Justice*, 934 F.2d 375, 379 (D.C. Cir. 1991).  Several of Plaintiff's discovery requests attempt to obtain information not subject to disclosure given this exemption.  Furthermore, while Plaintiff

---

[3] To the degree Plaintiff seems to take issue with the fact the affidavits in Defendants' second motion addresses deficiencies previously identified by the Court (Doc. 95 at 5), "courts generally will request that an agency supplement its supporting declarations" where the declaration are deficient rather than order discovery. *See Hall v. CIA*, No. 98-1319, 2000 U.S. Dist. LEXIS 22695, *19 (D.D.C. Aug. 10, 2000).

[4] Exemptions protect from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records and information . . .. [¶] (D) could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . ., information furnished by a confidential source, . . .."

identifies several "facts" in his motion, none raise a material issue of fact warranting additional discovery. Because Plaintiff is seeking additional discovery he "bears the burden of showing that the evidence sought exists." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Plaintiff has failed to meet his burden and thus this Court will not order additional discovery.

## CONCLUSION

In sum, Plaintiff has failed to show that he cannot present facts essential to justify his opposition to Defendants' pending motion. Accordingly, his motion for additional discovery is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 14, 2011**             /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE