1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT FOR THE

8 EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| 10 | MICHAEL SCHULZE, ) | 1:05cv0180 AWI GSA |
| 11 | Plaintiff, ) | |
| 12 | v. ) | MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO |
| 13 | FEDERAL BUREAU OF ) INVESTIGATION, DRUG ) | DISMISS NON-DEPARTMENT LEVEL AGENCIES AND |
| 14 | ENFORCEMENT ADMINISTRATION, ) UNITED STATES MARSHALS ) | SETTING TIME LIMIT FOR FILING OF THIRD |
| 15 | SERVICE and DEPARTMENT OF ) JUSTICE, ) | DISPOSITIVE MOTION |
| 16 | ) | Doc. #'s 89 and 108 |
| 17 | Defendants. ) | |

18

19

20      In this action under the Freedom of Information Act, defendant United States

21 Department of Justice ("Department") has filed a motion to dismiss agency defendants

22 Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), and

23 United States Marshals Service ("USMS") on the ground Department is the proper party

24 defendant where individual "components" within the Department are sued.  Department has

25 voluntarily dismissed its pending motion for summary judgment and requested additional

26 time to determine its position following the decision of the Ninth Circuit Court of Appeals in

27 Pickard v. Dep't of Justice, 653 F.3d 782 (9th Cir. 2011).  In response, plaintiff Michael

28 Schulze ("Plaintiff") requests the court impose a deadline for any filing of further dispositive

motions by Department.

1

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

2    The factual background of this action was throughly set forth in the court's

3  memorandum opinion and order granting in part and denying in part Defendant's motion for

4  summary judgment, filed on July 22, 2010, (hereinafter, the July 22 Order"). Doc. # 86.

5  Briefly, the currently operative First Amended Complaint ("FAC") was filed on August 12,

6  2005. The FAC alleges three claims for relief. Plaintiff's first claim for relief alleges

7  violation of the Privacy Act, 5 U.S.C. § 522a as to all Defendants and requests statutory

8  damages from all Defendants in the sum of $950,000. Plaintiff's second claim for relief is

9  alleged pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552  and requests

10  injunctive relief against FBI and DEA for the production of records pertaining to confidential

11  informant Stephen P. Olaes. Plaintiff's third claim for relief is alleged against DEA and FBI

12  and requests injunctive relief to compel production of records pertaining to confidential

13  informant Shane K. Ahlo. The July 22 Order granted Defendants motion for summary

14  judgment as to Plaintiff's first claim for relief under the Privacy Act. The July 22 Order

15  denied Defendants' motions for summary judgment as to Plaintiffs second and third claims

16  for relief under FOIA without prejudice.

17    On September 13, 2010, Department filed a motion to dismiss FBI, DEA and USMS

18  on the ground Department is the proper party defendant where the entities being sued are

19  agency subdivisions of the Department. In the same filing, Department moved for summary

20  judgment on Plaintiff's two remaining claims for relief under FOIA on the ground that

21  Defendants' "Glomar"[1] response with regard to requests for documents pertaining to Oales

22  and Ahlo was appropriate. After several continuances Plaintiff filed his opposition to

23  Departments motion for summary judgment on September 18, 2011. In his opposition,

24  Plaintiff substantially relied upon a recent order by the Ninth Circuit Court of Appeals in

25  Pickard v. Dep't of Justice, 653 F.3d 782 (9th Cir. 2011), a case that appears to support

26

27    [1]   The "Glomar" response reflects a doctrine which allows an agency to "neither confirm or deny" the
28  existence of responsive documents where such disclosure is statutorily exempt under FOIA. The doctrine was first
announced in Phillippi v. CIA, 546 F.2d 1009 (9th Cir. 2009).

2

1    Plaintiff's claim that the "Glomar" response is not appropriate where the identity of a paid

2    informant who is the subject of the FOIA request is made public.  On December 9, 2011,

3    Department filed its reply brief which set forth its counter-arguments with regard to dismissal

4    of the "component" sub-divisions within Department and voluntarily withdrew its motion for

5    summary judgment without prejudice pending review of the impact of <u>Pickard</u> on their

6    response to Plaintiff's FOIA requests.  Department's reply brief did not specify a time by

7    which it would make a decision as to how it would proceed.  On March 19, 2012, Plaintiff

8    moved for the establishment of a deadline by which Department would be required to either

9    file a dispositive motion or indicate its intentions with regard to Plaintiff's FOIA requests as

10   to Ahlo and Oales.

        The court will consider first Department's motion to dismiss and then will address

11   Plaintiff's request for a time certain for Department's further response.

12

13                                   **LEGAL STANDARD**

14         A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

15   Procedure can be based on the failure to allege a cognizable legal theory or the failure to

16   allege sufficient facts under a cognizable legal theory.  <u>Robertson v. Dean Witter Reynolds,</u>

17   <u>Inc.</u>, 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to

18   Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to

19   relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555

20   (2007) ("<u>Twombly</u>").  While a court considering a motion to dismiss must accept as true the

21   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425

22   U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party

23   opposing the motion, and resolve factual disputes in the pleader's favor, <u>Jenkins v.</u>

24   <u>McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be

25   factual in nature.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555 ("a plaintiff's obligation to provide the

26   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

27   formulaic recitation of the elements of a cause of action will not do").  The pleading standard

28   set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual

                                              3

1
2

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

3
4

The Ninth Circuit follows the methodological approach set forth in Iqbal for the

assessment of a plaintiff's complaint:

5
6
7

> "[A] court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to
> the assumption of truth.  While legal conclusions can provide the framework
> of a complaint, they must be supported by factual allegations.  When there are
> well-pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief."

8
9
10

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at

1950).

**DISCUSSION**

11
12

**I.  Motion to Dismiss FBI, DEA and USMS**

13
14
15
16
17
18
19
20

Federal agencies may not be sued in their own name except to the extent Congress

may specifically allow such suits. Blackmar v. Guerre, 342 U.S. 512, 514 (1952).  Federal

departments and agencies are proper party defendants in FOIA litigation. This rule is derived

from the plain language of the Act, which vests the district courts with jurisdiction to enjoin

"the agency" from withholding records. 5 U.S.C. § 552(a)(4)(B).  Department contends that

FBI, DEA and USMS are "components" within Department and are not properly considered

"agencies" for purposes of FOIA actions.  As a consequence, Department argues, Department

is the only proper party defendant for purposes of FOIA and the other entities should be

dismissed.

21
22
23
24
25
26
27
28

Of some significance, neither party can point to any case in which the Ninth Circuit

has spoken to this issue.  Further, it appears that such case authority as exists in the context of

FOIA actions involving or potentially involving entities within the Department of Justice is

to be found in either the D.C. District Court or the D.C. Circuit Court of Appeals.

Department cites three cases, each from the D.C. District Court, that address, albeit

tangentially, the issue of proper party defendant in FOIA actions against components of the

Department of Justice.  In Sonds v. Huff, 391 F.Supp.2d 152 (D.D.C. 2005), the district court

1   dismissed FOIA claims against the DEA and against an individual official who was

2   presumably a DEA official.  In reaching its decision to dismiss, the Sonds court noted simply

3   that "[t]he Drug Enforcement Administration is a component of the Department of Justice.

4   Moreover, the FOIA's comprehensive remedial scheme addresses all claims relating to the

5   disclosure of government records and therefore precludes any recovery against individual

6   officials for the processing of a FOIA request."  Id. at 155.  The court concludes the decision

7   in Sonds is thin support for the proposition that a FOIA action cannot be maintained against a

8   "component part" of the Department of Justice.

9        Department offers two cases from 2011, again, both from the D.C. District Court.  In

10  Mingo v. U.S. Dep't of Justice, 793 F.Supp.2d 447 (D.D.C. 2011) and in Vazquez v. U.S.

11  Dep't of Justice, 764 F.Supp.2d 117 (D.D.C. 2011), the district court recognized the division

12  of opinion among the judges of that district on the question of whether a component of the

13  Department could be sued in its own name under FOIA.  See Vazques, 764 F.Supp.2d at 119

14  (noting the disagreement in that circuit as expressed in Prison Legal News v. Lappin, 436

15  F.Supp.2d 17. 21 (D.D.C. 2006)); Mingo, 793 F.Supp.2d at 451 (citing cases to illustrate the

16  different conclusions reached by various courts on the issue).  In both Vazques and Mingo,

17  the district courts noted the lack of opposition to Department's motion to dismiss and

18  dismissed the "component" entities within Department of Justice without actually resolving

19  the dispute.

20       The only decision by an appellate court cited by either party that directly pertains to

21  the issue of Department of Justice as sole proper party defendant in FOIA actions against its

22  "component" entities is Peralta v. U.S. Attorney's Office, 136 F.3d 169, 329 U.S.App.D.C.

23  (D.C. Cir. 1998).  As Department correctly notes, the appellate court did not actually decide

24  the question of whether Department was the sole proper party defendant because that issue

25  was not raised in the court below.  Rather, what the Peralta court did was devote substantial

26  attention to pointing out that its prior decisions tended to establish that FBI has been and

27  could be sued in its own name under FOIA.  See id. at 173-174 ("FBI has litigated numerous

28  FOIA cases in its own name before the Supreme Court, this court, and other circuit courts,

5

1    with the DOJ or one of its components appearing as counsel").  The <u>Peralta</u>, court also noted

2    that the jurisdictional provision of FOIA grants jurisdiction over "agencies" as defined in 5

3    U.S.C. § 551(1).  That definition, the court pointed out, "'means each authority of the

4    Government of the United States, whether or not it is within or subject to review by another

5    agency . . . .'"  <u>Id.</u> at 173.

6            From the foregoing, this court draws a few observations.  First, there is no

7    jurisdictional impediment to a suit against FBI, DEA or USMS in their own names under

8    FOIA as they are all "agencies" subject to FOIA within the meaning of section 551(1).

9    Second, in a case where Department is a named party, courts may dismiss Department of

10   Justice component entities where there is no objection to the dismissal without impairing the

11   rights of either party.  Whether or not the components are dismissed, the court retains

12   jurisdiction to issue injunctive orders that are binding on the components.  Third, where

13   Department is a named defendant along with other named components of Department, there

14   is no clear and unambiguous authority for the proposition that the component entities are

15   *entitled* to dismissal.  Fourth and finally, the court can see no reason why it would matter

16   much either way.

17           Department has the burden to present facts and law sufficient to show entitlement to

18   dismissal of FBI, DEA, and USMS.  The court finds Department has not made that showing.

19   Given that the court is not appraised of any reason why the dismissal requested would make

20   much difference with regard to the benefits or burdens to any of the parties, the court is not

21   inclined to exert the effort to plow new judicial ground in this case at this time.

22   Department's motion to dismiss will be denied.  Leave will be granted to amend the motion

23   should new authority or facts become available.  The court also notes that there are no

24   contentions currently before the court that go to the question of whether there are any

25   remaining claims against USMS following the grant of summary judgment as to Plaintiff's

26   claim under the privacy act.  While the court has some doubt that any active claims remain

27   against USMS, the court will leave it to the parties to make that determination and file further

28   motions as appropriate.

6

**II.  Plaintiff's Motion for Date Certain**

In a case that has been characterized primarily by extensions of time for the benefit of both parties, the court sees no reason to break from this tradition at this time.  In their response to Plaintiff's motion to set filing date, Department avers that August 31, 2012, would be a reasonable deadline for the filing of further dispositive motion.  Based on the statements provided in Department's response, the court finds Department's estimate of the time required for response and/or filing of a further motion reasonable.  The court will set a deadline for further filings of August 31, 2012.  Should that deadline appear un-achievable at a later date, Department shall file a statement of intention and a revised estimate of the time required.

THEREFORE, pursuant to the foregoing, it is hereby ORDERED that Department's motion to dismiss FBI, DEA and USMS is DENIED without prejudice.  It is further ORDERED that Department shall file and serve any further dispositive motion not later than August 31, 2012, or shall, before that date, file a statement of intention and a revised estimate of time required.

IT IS SO ORDERED.

Dated:    June 29, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

7