IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F. SCHULTZ., <br><br>**Plaintiff,** <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE and DEPARTMENT OF JUSTICE,** <br><br> **Defendants.** | **1:05-cv-0180 AWI GSA** <br><br><br> **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RELATED ORDERS** <br><br> **Doc. #'s 114, 117, 122 and 127** |

This is an action pursuant to the Freedom of Information Act, 5 U.S.C. §§ 522 et seq. ("FOIA") by plaintiff Michael F. Schultz ("Plaintiff") against defendants Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), United States Marshalls Service ("MS") and the United States Department of Justice ("DOJ") (collectively, "Defendants"). In a prior memorandum opinion and order, the court granted Defendants' motion for summary judgment as to Plaintiff's claims under the federal Privacy Act as to all Defendants, but denied summary judgment as to Plaintiff's claim under FOIA against all Defendants. Doc. # 86. Currently before the court are two motions; a motion for summary judgment by Defendants and a motion to stay the motion for summary judgment and order production of a Vaughn index

by Plaintiff. At issue in both motions is the burden a defendant must meet in demonstrating that the material requested by a plaintiff in a FOIA action is properly exempted from disclosure. For the reasons that follow, the court will deny Defendants' motion for summary judgment without prejudice and will direct Defendants to produce a Vaughn Index of documents responsive to Plaintiff's FOIA request.[1]

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Because the issue before the court is resolvable as a matter of law, the court need not present an extensive factual background or refer to Defendants' extensive exposition of undisputed material facts. For purposes of this order it is sufficient to note that Plaintiff was convicted in the District Court of Hawaii on charges of manufacturing, possessing and distributing methamphetamine. Two witnesses at his trial, Steven Olaes and Shane Ahlo, were disclosed at the trial to be paid informants. Both apparently testified on behalf of the government during Plaintiff's trial. Following his conviction and unsuccessful appeal, Plaintiff filed a FOIA request to obtain documents in the possession of FBI, DEA or MS concerning himself and the two paid informants. Presumably, the primary reason for Plaintiff's FOIA requests is to gather evidence to support a Brady challenge to his conviction. Defendants refused to produce documents concerning Olaes and Ahlo and this action followed.

The original complaint in this action was filed on February 9, 2005; the currently operative First Amended Complaint ("FAC") was filed on August 12, 2005. Defendants filed their first motion for summary judgment on July 13, 2007. On July 22, 2010, the court filed a memorandum opinion and order (the "July 22 Order," Doc. # 86) granting Defendants' motion for summary judgment as to Plaintiff's claims under the Privacy Act, 5 U.S.C. § 522a, and denying the motion for summary judgment as to Plaintiff's under FOIA. As the court made clear in its July 22 Order, the denial of Defendants' motion for summary judgment as to the FOIA

---

[1] "A Vaughn index is a comprehensive listing of each withheld document cross-referenced with the FOIA exemption that the government asserts is applicable." Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 n.3 (7th Cir. 1998).

claims was based on the court's finding that Defendants had failed to submit any document-specific information demonstrating the applicability of the claimed exemptions for any of the exempted documents. See Doc. # 86 at 35-36 (explaining the basis for the court's denial of summary judgment). The denial of Defendants motion for summary judgment was without prejudice. A second motion for dismissal of the agency components of DOJ and summary judgment as to Plaintiff's FOIA claims against DOJ was filed by DOJ on September 13, 2010 (Defendants' "September 13 Motion"). DOJ's September 13 Motion sought summary judgment on the FOIA claims by expanding on their argument that their "Glomar response" to Plaintiff's requests for information on Olaes and Ahlo was appropriate. During the pendency of the September 13 Motion, DOJ withdrew the motion for summary judgment as to Plaintiff's FOIA claims in light of the recent decision by the Ninth Circuit in Pickard v. Department of Justice, 653 F.3d 782 (9th Cir. 2011). Defendants remaining motion to dismiss the DOJ component was denied without prejudice and a time was set for filing of a third dispositive motion.

     Defendants' third and most recent motion for summary judgment (hereinafter "Defendants' MSJ") was filed on October 26, 2012. Defendants' MSJ seeks judgment as to Plaintiff's FOIA claims on a theory that the material requested by Plaintiff is "categorically exempt" from disclosure under FIOA. In practical terms, what Defendants propose is that the court can categorically exempt documents that are responsive to Plaintiff's FOIA request under enumerated FOIA exemptions without the need to examine a Vaughn Index or to examine any documents *in camera* to assure that the exemptions are properly applied. During the pendency of Defendants' Motion, Plaintiff has filed a document titled "Motion to Hold in Abeyance Defendants' Third Motion for Summary Judgment and Motion to Compel Defendants to Produce Vaughn Index" (hereinafter, Plaintiff's "Motion to Compel Vaughn Index"). Doc. # 117. Plaintiff has also made it clear that he has not filed what he would term to be an opposition to compel the production of a Vaughn Index. For the reasons that follow, the court will deny Defendants' Motion as premature and will grant Plaintiff's motion for production of a Vaughn Index.

**DISCUSSION**

As an initial matter, it is important to note that it is Plaintiff's contention that Defendants' motion for summary judgment is premature and that Defendants have the duty under FOIA to acknowledge the existence of individual documents responsive to Plaintiff's requests concerning Olaes and Ahlo and to provide document-by-document facts to support their refusal to release the identified documents to Plaintiff – in short, to provide Plaintiff with Vaughn indexes for all responsive documents that Defendants seek to withhold.  Thus, Plaintiff is not arguing whether the FOIA exemptions claimed by Defendants apply, he is arguing the much narrower question of whether Defendant agencies may claim exemptions under FOIA without producing sufficient facts on a document-by-document basis that the exemptions apply.

"Under the FOIA, each 'agency' upon 'any request' for records shall make the records 'promptly available to any person,' 5 U.S.C. § 552(a)(3)(A), unless one [or more] of nine specific exemptions applies, 5 U.S.C. § 552(b)(1)-(9)."  American Civil Liberties Union of Michigan v. F.B.I., 734 F.3d 460, 465 (6th Cir. 2013) ("ACLU").  The 1986 amendments to FOIA added the provisions currently set forth in 5 U.S.C. § 552(c), which form the major categorical bifurcation of information subject to FOIA.  Pertinent to this case, subsection 552(c)(2) provides: "Whenever informant records are maintained by a criminal enforcement agency under an informant's name or personal identifier, the agency may treat the records as not subject to the requirements of this section unless the informant's status as an informant has been officially confirmed."  "In contrast with the § 552(b) 'exemptions,' the provisions of § 552(c) are referred to as 'exclusions' since the requirements of the FOIA do not apply at all."  ACLU, 734 F.3d at 469 (citing Benevides v. Drug Enforcement Admin, 968 F.2d 1243, 1248 (D.C. Cir. 1992)).

Neither party contends that the records pertaining to Olaes and Ahlo fall within the exclusion of § 552(c)(2).  As a consequence, Defendants handling of Plaintiff's requests for documents is governed by the terms of FOIA.  "In accordance with the FOIA's 'dominant

objective' of disclosure, [the § 552(b)] exemptions are to be 'narrowly construed.'" ACLU, 734 F.3d at 465. "The district court reviews an agency's decision to deny a FOIA request de novo, with the burden on the agency to justify its withholding. 5 U.S.C. § 552 (a)(4)(b)." Id. Obviously, when an exemption to the general requirement of disclosure is claimed, the content of the document is known to the agency but not to the court or to the party making the request. Thus, to enable the court's *de novo* review of the agency's claims of exemption and to preserve the adversarial process, the normal process requires that the agency "support its position with detailed affidavits and a descriptive index with 'a relatively detailed analysis' of 'manageable segments' of the documents. Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973). The agency's declarations are entitled to a 'presumption of good faith.' [Citation.]" ACLU, 734 F.3d at 460.

The Ninth Circuit's decision in Pickard is the legal focal point for the Plaintiff's argument for the imposition of a duty on Defendants to produce a Vaughn Index or its equivalent in response to Plaintiff's FOIA requests. Factually, it would be difficult to find a case closer to the case at bar than Pickard. In that case, as in the case at bar, the plaintiff was an inmate whose conviction was based in significant part on the testimony at trial of a DEA informant named Skinner. There, as here, Skinner's status as a paid informant was disclosed in open court by DEA. 653 F.3d at 784. Following his conviction, the plaintiff in Pickard filed a FOIA request for information on Skinner concerning:

> [A]ny information on Skinner's criminal history (including records of arrests, convictions, warrants, or other pending cases), records of all case names numbers, and judicial districts where he testified under oath, records of all monies pain in his capacity as a federal government informant, all records of instances where the DEA intervened on his behalf to assist him in avoiding criminal prosecution, all records of administrative sanctions imposed for dishonesty, false claims, or other deceit, all records of any benefits of any nature conferred, all records of deactivation as a confidential informant and the reasons for deactivation, and all records concerning Skinner's participation in criminal investigations.

Id.

As transpired in this case, the DEA in Pickard responded to the plaintiff's FOIA request

by stating it could neither confirm nor deny the existence of records responsive to the plaintiff's request.[2] DEA's decision to withhold documents based on those exemptions was upheld by the Office of Information and Privacy. The DEA moved for summary judgment in district court citing FOIA exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F); the same exemptions that were asserted by Defendants in this action. See Pickard, 653 F.3d at 784; Doc. # 86 at 29:16-25 (noting the exemptions asserted by Defendants in this case). In Pickard, as in this case, the district court denied the DEA's initial motion for summary judgment without prejudice, noting "the DEA had not adequately justified its response to [the plaintiff's FOIA] request." 653 F.3d at 785.

The DEA in Pickard refilled its motion for summary judgment with a more thorough briefing supporting its invocation of the *Glomar* response and with an accompanying declaration in support of its response. Id. at 784-785. The plaintiff opposed DEA's motion asserting evidence that Skinner had testified as an informant and that a DEA agent-witness had identified Skinner as an informant during testimony in court. The district court granted DEA's second motion for summary judgment on the plaintiff's FOIA claims finding that DEA had not "officially confirmed" Skinner's status as an informant within the meaning of 5 U.S.C. § 552(c)(2). The district court held that DEA was therefore justified in using the *Glomar* response to the plaintiff's FOIA request. Id. at 785.

The bulk of the appellate court's attention in Pickard is directed to the issue of what constitutes "official confirmation" of an informant's status for purposes of subsection 552(c)(2). It is this court's understanding that in this case there is no contention that Oales and/or Ahlo

---

[2] A response by an agency that neither confirms nor denies the existence of the information requested is referred to as the "*Glomar* response;" so named after the refusal of the CIA to confirm or deny the existence of a ship called the *Hughes Glomar Explorer*" in the case of Phillippi v. CIA, 546 F.2d 1009, 1011 (D.C. Cir. 1976).

were not officially confirmed as being paid informants for FBI and/or DEA within the meaning of subsection 552(c)(2). Plaintiff relies on the decision in Pickard for its disposition of the case following the Ninth Circuit's determination that the status of Skinner as an informant was "officially confirmed." The Pickard court acknowledged that, under Boyd v. Criminal Div. of U.S. Dep't of Justice, 475 F.3d 381, 389 (D.C. Cir. 2007), "'[w]here an informant's status has been officially confirmed, a *Glomar* response is unavailable, and the agency must acknowledge the existence of any responsive records it holds.'" 653 F.3d at 786. The Pickard then held that:

> [T]he government must take the next step. Having previously officially confirmed Skinner's status as an informant, it may no longer refuse to confirm or deny that fact. It must now produce a *Vaughn* index in response to Pickard's FOIA request, raise whatever other exemptions may be appropriate, and let the district court determine whether the contents, as distinguished from the *existence*, of the officially confirmed records may be protected from disclosure under the DEA's claimed exemptions."

Picard, 653 F.3d at 788 (footnote and internal citation omitted, italics in original). Given the factual similarity between this case and that of Pickard, Defendants face significant headwind in their effort to convince the court that a different outcome is warranted.

Defendants contend that case authority supports their contention that an agency can assert a "categorical exemption" – an exemption that does not require the production and examination of a Vaughn index – where it can be shown that type of documents being requested are of a type that would always be exempt under one of the FOIA exemptions. Defendants cite two examples; the first being the *Glomar* response. The second example of categorical exemption asserted by Defendants is exemplified by the holding in U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749 (1989) ("Reporters Comm."). It is important to note that the purpose served by the *Glomar* response is different from the interest served by the decision in Reporters Comm.

"Generally, a *Glomar* response is 'permitted only when confirming or denying the

existence of records would itself cause harm cognizable under a FOIA exception.' [Citations.]" Cobar v. U.S. Dep't of Justice, 953 F.Supp.2d 1, 4 (D. D.C. 2013) (quoting American Civil Liberties Union v. CIA, 710 F.3d 422, 426 (D.C. Cir. 2013) (internal quotations and citation omitted).  While there are a number of cases analyzing the appropriateness of the *Glomar* response in the context of a variety of exemptions, the matter has been conclusively settled with regard to the context presented in this case; that is, where the agency seeks to avail itself of the *Glomar* response in the context of information requested on an informant whose identity has been officially confirmed.  In Benavides v. Drug Enforcement Administration, 968 F.2d 1243 (D.C.Cir. 1992), the D.C. Circuit court concluded "from the text and legislative history that Congress intended [FOIA] subsection (c)(2) to provide express legislative authorization for a *Glomar* response, in which the agency neither confirms nor denies the existence of records unless an informant's status has been officially confirmed.  Conversely, we conclude that when an informant's status *has been* officially confirmed, the requirements of FOIA govern, and the agency must acknowledge the existence of any records it holds." Id. at 1246 (italics in original).  Thus, whatever case authority may exist to support a *Glomar* response under any exemption in any other context, Benavides and the cases interpreting it have uniformly held that a *Glomar* response is not available in the context of an informant whose identity has been officially confirmed.

In contrast to the *Glomar* response, the type of categorical exemption discussed in Reporters Comm. appears to serve the interest of preservation of judicial economy by relieving the court of the obligation of carrying out a case-by-case examination of documents where the FOIA request seeks production of a narrow category of documents whose production would predictably or inevitably  result in an unwarranted invasion of the privacy interests of the third-party objects of the request.  In Reporters Comm., the Supreme Court noted that the its prior case

of NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214 (1978)("Robbins") had held that the language of FOIA exemption (b)(7)(A) permits categorical review of documents containing "information that 'could reasonably be expected to interfere with enforcement proceedings.'" Reporters Comm., 489 U.S. at 776.  In Reporters Comm., the Supreme Court addressed the question of whether the categorical approach sanctioned by Robbins could be extended to permit the district court to categorically apply FOIA exemption 7(C) to exempt from disclosure "rap sheets" pertaining to a third party that were responsive to the FOIA request of a news organization seeking information to do a news story on that third party.  The Reporters Comm. Court noted that the application of Exemption 7(C) requires that "a court must balance the public interest in disclosure against the interest of Congress intended the Exemption to protect."  Id. at 776.  Pertinent to this court's decision, the Reporters Comm. Court extensively discussed both the scope of the 7(C) Exemption and the policy purposes of FOIA.  With regard to the latter, the Court noted that the primary concern addressed by Congress in enacting FOIA was the promotion of the "citizens' right to be informed about 'what their government is up to.'"  Id. at 773.

The Reporters Comm. Court observed that, in the very limited context of FOIA requests for production of "rap sheets" on third parties, the the information requested – rap sheets pertaining to individuals – contributes very little to the rights of citizens' right to know what the *government* is up to.  Id. at 773.  Completing the weighing process, the Supreme Court determined that the inevitable substantial intrusion on an individual's right against unwarranted invasion of privacy by production of a rap sheet greatly outweighs the relevance of that rap sheet in illuminating the public's understanding of what their government is up to.  Id. at 775.  In light of this balance heavily in favor of individuals' interests in privacy and the inherently intrusive nature of the *type* of document requested – the rap sheet – the Supreme Court held that the

weighing process required by FOIA could be accomplished categorically to exempt these documents from FOIA-required production under Exemption 7(C).  Id. at 776-777.

There are two considerations that persuade this court that Reporters Comm. does not authorize the application of a categorical approach to Plaintiff's FOIA requests in this case. First, Reporters Comm. was explicit that the categorical approach that it approved in that decision authorizes the approach for "*a discrete category of exempt information.*"  Id. at 779 (italics in original).  Plaintiff's FOIA requests do not request information from a *discrete category* of information.  While there might be one or more rap sheets included in the list of responsive documents, Plaintiff's FOIA request encompasses far more than rap sheets or any other single discrete category of document.  So far as this court is aware, further attempts to enlarge the scope of claimed FOIA exemptions that courts can review categorically have been treated with restraint.  See, e.g., United States Department of Justice v. Landino, 508 U.S. 165, 177-178 (1993) (Supreme Court declines to extend Reporters Comm. to allow categorical exemption of documents not produced by FBI under FOIA Exemption 7(D).

The second consideration that counsels against categorical examination of Plaintiff's FOIA request is the fact that Plaintiff's request is at least arguably aimed at the practice of each Defendant agency with regard to making adequate Brady disclosures with regard to the use of informants in criminal prosecutions.  While the court agrees that the public has little or no interest in law enforcement files on Olaes and Ahlo as such, it would be of considerable interest to the public if the evidence requested points to a practice of failing to disclose facts pertaining to paid informants that would otherwise be required under Brady.

In sum, the court finds Defendants have not alleged facts or law sufficient to justify any departure from the approach required by the Ninth Circuit in Pickard,  Fundamentally, the issue now before the court is not whether the documents Plaintiff has requested should be withheld by

Defendants pursuant to the asserted exemptions; the issue is who is tasked to examine the documents requested to see if the claimed exemptions apply and by what method that examination is to be conducted. See Pickard, 653 F.3d at 788 (requiring agency to disclose existence of responsive documents and produce a Vaughn index is not to say that the substance of the documents must be produced to the plaintiff). As noted by Pickard, district courts are required to review agency invocations of FOIA exemptions de novo and on a document by document basis absent a very narrow range of exceptions. Pursuant to the foregoing discussion, the court finds that any possible exception to document-by-document review requirement does not apply under the facts of this case. As much as the court would benefit from being able to discharge its duty without the necessity of reference to a Vaughn index and without the need to examine contested documents in camera, the court can see no legal basis for the conduct of anything resembling a collective review of the documents requested. As in Packard, the court is obliged to require that Defendants produce a Vaughn index or its equivalent of documents responsive to Plaintiff's FIOA requests and provide in sufficient detail facts supporting the withholding of specific documents under specific FOIA exemptions.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendants' third motion for summary judgment is DENIED without prejudice as premature. Plaintiff's motion to require production of a Vaughn index is correspondingly GRANTED. Defendants are hereby ORDERED to estimate the time required to produce the information required by this order and to submit a proposed Scheduling Order to the Magistrate Judge. Defendants proposed Scheduling Order shall be filed and served not later than fourteen (14) days from the date of service of this order. Plaintiff shall file and serve any response to Defendants' proposed Scheduling Order not later than fourteen (14) days from the date of service of the proposed

order.  Plaintiffs motion to hold in abeyance is DENIED as moot.


IT IS SO ORDERED.

Dated:   October 28, 2014                              _____
                                                                              SENIOR DISTRICT JUDGE