# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F. SCHULZE., | 1:05-cv-00180-AWI-GSA |
| **Plaintiff,** | |
| vs. | **ORDER DENYING PLAINTIFF'S MOTION AND RENEWED MOTION TO HOLD FBI's MOTION FOR SUMMARY JUDGEMENT IN ABEYANCE** |
| FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE and DEPARTMENT OF JUSTICE, | |
| | **Doc.#'s 143 & 149** |
| **Defendants.** | |

Currently before the court are the motion and renewed motion of plaintiff pro se Michael F. Schulze ("Plaintiff") to hold the motion for summary judgment of defendant Federal Bureau of Investigation ("FBI") in abeyance pending an order of this court directing FBI to file a more complete Vaughn index. The court will deny this motion because the substantive issues present in FBI's motion for summary judgment and in Plaintiff's motion to hold in abeyance – whether the Vaughn index that has been produced to Plaintiff by FBI contains sufficient information to allow a decision on FBI's reliance on exemptions under the Freedom of Information Act ("FOIA") – are the same. To put the matter simply, FBI has produced a document that FBI contends is an index containing sufficient information to allow the court to make the determination whether FOIA exemptions apply to prevent the release of additional information

to Plaintiff. FBI has moved for summary judgment based on the contention that the index it submitted is adequate to show whether the claimed FOIA exemptions should apply and that those exemptions *do* apply as a matter of law that that Plaintiff is therefore entitled to no additional information under FOIA. This is the motion FBI has placed before the court and the court must rule on this motion and deny the motion for summary judgment before Plaintiff can claim an entitlement to any more detailed information.

So far as the court is aware, there is no "recipe" for a Vaughn Index, nor does the word "Vaughn" imply anything more than the authority under which the Index is required. Plaintiff is has argued and cited authority for his contention that FBI is obliged to produce an index that proceeds page-by-page to describe the contents of each page that are subject to exclusion under one or more of the FOIA exemptions. FBI has provided legal argument and authority for their contention that a page-by-page analysis is not necessary. At this point it appears to the court that the parties have argued their respective positions on the matter and it is up to the court to determine whether FBI is entitled to summary judgment or not based on the sufficiency or insufficiency of the index they have submitted. The court cannot hold the matter in abeyance and require FBI to file and serve an index more in line with Plaintiff's expectations unless and until the court first rules that the index that was submitted is legally insufficient to establish that FOIA exemptions are applicable; that is, unless and until the court first denies FBI's motion for summary judgment.

To the extent that Plaintiff may feel that there is more to be said in opposition to FBI's motion for summary judgment, the court will delay the filing of a decision on FBI's motion for summary judgment until fourteen (14) days from the date of service of this order. Any further opposition Plaintiff wishes to file in opposition to FBI's motion for summary judgment will be considered up until that date.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Plaintiff's motions to hold in abeyance are thereby DENIED.

1
2   IT IS SO ORDERED.
3
    Dated:   September 28, 2015
4                                              SENIOR DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28