IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F. SCHULZE., <br><br> **Plaintiff,** <br><br> vs. <br><br> **FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES MARSHALS SERVICE and DEPARTMENT OF JUSTICE,** <br><br> **Defendants.** | **1:05-cv-00180-AWI-GSA** <br><br><br> **ORDER GRANTING MOTION OF DEFENDANT DRUG ENFORCEMENT ADMINISTRATION FOR RECONSIDERATION OF COURT'S ORDER OF OCTOBER 29, 2014; ORDER DENYING PLAINTIFF'S MOTION FOR INSTRUCTIVE ORDER AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** <br><br> **Doc. #'s 131, 133, & 142** |

On October 29, 2014, the court issued an order denying without prejudice the motions of defendants United States Drug Enforcement Administration ("DEA") and Federal Bureau of Investigation ("FBI") for summary judgment as to all claims by plaintiff Michael Schultz ("Plaintiff") (the "October 29 Order"). Both DEA and FBI had moved for summary judgement on the ground that the documents requested by Plaintiff were protected from disclosure by statutory exemptions pursuant to the Freedom of Information Act ("FOIA"). The motions for summary judgment by DEA and FBI were denied without prejudice as premature and both parties were ordered to produce Vaughn indexes. In so ordering, the court overlooked the fact that DEA had also moved for summary judgment on the alternative ground that Plaintiff expressed no willingness to pay the fees for production of documents estimated by DEA

pursuant to 28 C.F.R. § 16.1.  On December 10, 2014, DEA moved for reconsideration of the court's October 29 Order as to it only on the ground Plaintiff had failed to exhaust administrative claims by failing to indicate willingness to pay the estimated fees.  For the reasons that follow, DEA's motion for reconsideration will be granted.

## FACTUAL BACKGROUND

The general factual background of this case has been reviewed previously and need not be repeated here.  The following are facts alleged by DEA that pertain only to the issue of fee requirements associated with Plaintiff's FOIA request to DEA.

Defendant DEA alleges it:

> . . . commenced its search of the [IRFS] files by querying under OIaes' and Ahlo's identifiers, and located potentially responsive investigation files. [. . . .] It then estimated the total search time needed, including searching those files manually for the particular records in them that pertain to Olaes or Ahlo.  At the standard hourly rate ($28.00), the estimated search cost was $8,400.00.  [. . . .] DEA wrote [P]laintiff with the fee amount and requested payment.  [. . . .] DEA said that it would be "presumed that you do not wish to pay the fees to conduct the search of IRFS files" if response was not received within 30 days.  [. . . .] Plaintiff returned the letter to DEA and expressed unwillingness to pay the fees, giving as his reasons the fact that DEA had already "located his potentially responsive files" and the *non sequitur* that DEA had already "processed my request."  [. . . .] Although Plaintiff was given 30 days to express willingness to pay, he has not done so.

Doc. # 114 at 26:4-15.

## LEGAL STANDARD

Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

## DISCUSSION

### I. Issue to be Determined

Plaintiff's request for an order compelling the production of a Vaughn index from DEA, Document Number 142, presents the issue of whether DEA waived the right to assert the defense of failure to exhaust administrative remedies based on failure to pay the estimated processing fees because the issue was not raised during the administrative process.  Plaintiff cites Friends of the Coast Fork v. U.S. Dept. Interior, 110 F.3d 53 (9th Cir. 1997), among others, for the proposition that a district court may not consider arguments that are raised by the agency before the district court that were not raised during the administrative process.  See id. at 55 ("the agency must stand on whatever reasons for denial it gave in the administrative proceeding").  In his motion to compel, Plaintiff alleges "[t]o be sure, at no point during the administrative process did [D]efendant DEA request a payment from [Plaintiff], nor was it ever cited as a reason for denying his FOIA requests." Doc. # 142 at 6.

The proposition asserted by Plaintiff through his reliance on the Ninth Circuit's holding in Friends of the Coast Fork originated in a pair of Supreme Court decisions; SEC v. Chenery Corp., 318 U.S. 80 (1943) ("Chenery I") and SEC v. Chenery Corp., 332 U.S. 194 (1947) ("Chenery II").  In Chenery I, the Court prohibited courts reviewing agency decisions from supplying any determination that the agency was solely empowered to make but which the agency did not make.  Chenery I 318 U.S. at 88 ("If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a

judicial judgment cannot be made to do service for an administrative judgment.")  In the second decision the Supreme Court clarifies the first by holding that when a court reviews an agency decision that the agency alone is empowered to make, the court "must judge the propriety of such action solely by the grounds invoked by the agency." Chnery II, 332 U.S. at 196.  The shorthand for the holdings in this pair of cases is the prohibition against "post-hoc rationalization." See Louis v. U.S. Dep't of Labor, 419 F.3d 970, 978 (9th Cir. 2005) (using the term to describe the application of Chenery I and Chenery II in Friends of the Coast Fork, 110 F.3d 53).

As Plaintiff correctly notes, the refusal of DEA to provide documents responsive to Plaintiff's FOIA request on the ground Plaintiff refused to pay the estimated costs of production first appeared in a letter from DEA to Plaintiff dated June 18, 2012; approximately seven years and four months after the institution of this action.  See Doc. # 114-4.  Also, Plaintiff correctly notes that his initial requests to DEA for information pertaining to Olaes was denied by DEA for the first time on October 1, 2004, and on administrative appeal on December 27, 2004.  Neither the original denial nor the denial on administrative appeal mentioned Plaintiff's failure to pay estimated fees.  Plaintiff's FOIA request to DEA with regard to Ahlo was denied and the administrative appeal was denied on the approximately the same dates – that is, approximately seven years before the 2012 letter explaining DEA's refusal to produce documents in the absence of Plaintiff's commitment to pay estimated fees.

The initial and fundamental problem with DEA's motion for reconsideration and with Plaintiff's response to it is that both mischaracterize the issue that is properly before the court. For reasons that will be explained, DEA's characterization of its grounds for summary judgment as "failure to exhaust administrative remedies" misses the mark as does Plaintiff's characterization of DEA's grounds as a post-hoc rationalization of a prior final denial.

The fee provisions of 5 U.S.C. § 552(a)(4)(A) do not specify a particular point in the process where fees are to be calculated and the requestor is required to either pay the fee or apply for waiver.  Certainly an agency cannot be required to establish an estimated fee where the extent of its obligation to respond is being challenged.  In this case, it cannot be held that DEA was obliged to estimate fees where it had made the initial determination that Plaintiff's FOIA requests for Oales and Alho failed to adequately state a request to which DEA could respond.  It is significant that DEA as well as FBI maintained a consistent position that they were not obliged to "confirm or deny" the existence of documents in their possession that were responsive to Plaintiff's FOIA request up until the court's memorandum of July 22, 2010, denying without prejudice Defendants' motions to dismiss and for summary judgment.  Doc. # 86.  Up to that point, it is reasonable the DEA would not have brought up the issue of fees because there was no basis to expect that production of documents would be required.

Although the court did not use the term "Vaughn index" in its July 22 memorandum, the court did make clear that DEA's reliance on FOIA exemptions requires record-specific reasons for application of the exemptions claimed.  See Doc. # 86 at 36:3-12.  Due to continuances requested by both parties, the court did not address Defendants' motion to dismiss filed on September 13, 2010, until July of 2012.  In the intervening time, the Ninth Circuit's decision in Pickard v. Dep't of Justice, 653 F.3d 782 (9th Cir. 2011) had been published and it became clear to DEA and FBI that a Vaughn index would be required in order to justify the application of FOIA exemptions or exclusions to documents responsive to Plaintiff's FOIA request.  It was not until this time that DEA had reason to know that it would be required to do actual research to find documents responsive to Plaintiff's FOIA request and therefore that the requirement for payment of estimated fees would become applicable.

Plaintiff's first error, therefore, is to characterize DEA's 2004 letters denying Plaintiff's

FOIA requests as to Alho and Olaes as "final denials" of Plaintiff's FOIA requests and his characterization of the June 18, 2012, letter as a second "final denial" on different grounds. The DEA's 2004 letters were notifications that DEA would do no further work on Plaintiff's FOIA requests as submitted, but were also notifications that DEA *would* proceed with the FOIA requests if the deficiencies noted by DEA were corrected. Similarly, DEA's letter of June 18, 2012, is not a second letter of denial, it is a further notice of deficiencies in Plaintiff's FOIA requests because of defects in the descriptions of the documents requested, and a notice that if the deficiencies were corrected, DEA would proceed to search for and process responsive documents upon payment of the estimated fee. So far as this court is aware, Plaintiff has never received a "final" denial of his FOIA requests; the only "final" determination to date is the denial of Plaintiff's implied application for waiver of fees. Therefore, the issue properly before the court is not whether DEA is entitled to summary judgment because Plaintiff failed to exhaust administrative remedies; it is whether DEA properly denied Plaintiff's application for waiver of fees. So far as the court can determine, that issue was administratively exhausted and is the crux of Plaintiff's motion to compel DEA to produce a Vaughn index. It is to that issue the court directs its attention.

**II. DEA Properly Denied Waiver of Fees as to FOIA Requests for Ahlo and Olaes**

> To offset the cost of fulfilling document requests, FOIA authorizes agencies to collect processing fees. [5 U.S.C.] § 552(a)(4). There are three basic types of fees: ""search" fees to cover the cost of agency personnel time spent locating the requested documents, "review" fees to cover the cost of personnel time spent determining whether any requested documents are exempt from disclosure, and "duplication" fees to recover the cost of actual duplication as well as any personnel time spent in the duplication process. 28 C.F.R. § 16.11(b), (c). When records are "requested for commercial use," an agency may, in accord with its own regulations, assess search, review and duplication fees. 5 U.S.C. § 552(a)(4)(A)(iii)(I). When records are "not sought for commercial use and the request is made by an educational or noncommercial scientific institution . . . or a representative of the news media," the agency may collect only duplication fees, not search or review fees. *Id.* § 552(a)(4)(A)(ii)(II). Any other requests for noncommercial use are

> subject to both search and duplication fees, but not review fees. *Id*. § 552(a)(4)(A)(ii)(III).
>
> Notwithstanding the foregoing fee assessment criteria, FOIA requests must be processed "without any charge or at a charge reduced below" the agency's established fee schedule "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id*. § 552(a)(4)(A)(iii). If no fee waiver applies, an agency may require prepayment before beginning to process a request if "the agency has determined that the fee will exceed $250. *Id*. § 552(a)(4)(A)(v). If the requester refuses to prepay these fees, "the request shall not be considered received and further work will not be done on it until the required payment is received." 28 C.F.R. § 16.11(i)(4).

Coleman v. Drug Enforcement Administration, 714 F.3d 816, 819 (4th Cir. 2013).

In this case there is no dispute that DEA estimated the total of applicable fees would be in excess of $2,000 and requested that Plaintiff pay the fees, or promise to pay the fees, in advance. Plaintiff has not disputed that he declined to pay or promise to pay DEA the requested fees. As a consequence, DEA is justified in declining to do further work to prepare documents responsive to Plaintiff's FOIA request and in declining to provide any information responsive to Plaintiff's request *unless* Plaintiff's FOIA request falls within the category of requests "likely to contribute significantly to public understanding of the operations or activities of the government."

Plaintiff's purposes in making his FOIA requests are explained in the affidavit attached to his amended complaint. See generally Doc. # 11 at 21-31. In his affidavit, Plaintiff alleges the purposes with regard to his FOIA requests as to the subjects Olaes and Alho. With regard to Olaes, Plaintiff's affidavit alleges that US Attorney Sorenson was informed that Olaes "(1) stole various amounts of drug from each [FBI or DEA directed drug] purchase prior to turning it over to the FBI; (2) purchased methamphetamine on a weekly basis from an undisclosed source; (3) obtained methamphetamine on a number of occasions from his targets for further distribution without informing the FBI; (4) smoked methamphetamine throughout his entire participation;

and (5) lied to federal investigators." Doc. # 11 at ¶ 20.  Plaintiff alleges his trial began with a statement by US Attorney Sorenson told the jury that Plaintiff "had been a target of a DEA investigation since September of 1999, after being implicated of [sic] involvement in drug trafficking following the arrest and conviction of a Donald Grimm."  Doc. # 11 at ¶22.

Plaintiff states that *with regard to DEA*, the purpose of making the FOIA requests with regard to Olaes is to gain evidence to challenge Sorensen's allegedly prejudicial statement regarding Plaintiff's status as the subject of a DEA investigation since 1999.  As far as the court can discern from Plaintiff's affidavit, Plaintiff's only reason for seeking information regarding Alho from DEA is to show that Alho functioned as a paid informant for both FBI and DEA.  Overall, Plaintiff's affidavit makes a number of accusations regarding the relationship between *FBI* and Olaes and *FBI* and Alho.  Plaintiff characterizes these relationships as reflecting governmental corruption which Plaintiff hopes to evince by retrieving documents through FOIA that show the profiting of individual FBI agents from seized property, the profiting of informants through the governmental practice of paying for information provided, and collusion between the state law enforcement agencies and the FBI to further the scheme of corruption.  However, Plaintiff's explanation of his purposes in obtaining information from *DEA* are devoid of any accusation of agency misconduct other than the misconduct suggested by the practice of rewarding informants for their cooperation.

Thus, while Plaintiff's affidavit arguably states a basis for *public* interest in the relationship of either Alho or Olaes to FBI, the court can find nothing that could arguably fit within the realm of public interest with regard to Plaintiff's FOIA request to DEA.  Plaintiff's averments that either or both Alho or Olaes functioned as paid informants to DEA is not a matter of public interest inasmuch as the allegation represents nothing more than a specific instance of an allegedly general practice.  Similarly, whether Sorenson's statement that Plaintiff had been

the subject of DEA investigation for a substantial period of time is either false or prejudicial is not a matter of public interest; it is a matter of interest to Plaintiff and his defense only.  It is therefore this court's conclusion that, with regard to Plaintiff's FOIA requests to DEA, Plaintiff has failed to show that his FOIA request to DEA qualifies for waiver of applicable fees. Because the waiver provisions of section 552(a)(4)(A)(iii) do not apply under the facts of this case, DEA had no obligation, and continues to have no obligation, to act on Plaintiff's FOIA request in the absence of payment or the promise of payment of fees.

**III.  Plaintiff's Request for Instructive Order and Conclusion**

Following DEA's motion for reconsideration, Plaintiff filed a request for instructive order regarding the motion for reconsideration.  The gist of Plaintiff's request for instructive order is he appears to have been under the impression that the court's order of October 29, 2014, denying summary judgment as to DEA was somehow final and not susceptible to a motion under Rule 60(b).  That impression is, of course, erroneous.  The court is aware that, because it did not specifically inform Plaintiff that the October 29 Order was reviewable under Rule 6(b), Plaintiff did not submit a formal opposition to DEA's motion for reconsideration.

While the fact the court did not respond to Plaintiff's request is something of an oversight, the court nonetheless finds that it need not solicit Plaintiff's opposition prior to granting the DEA's motion for reconsideration.  There are two reasons for this finding.  First, Plaintiff adequately explained his position regarding qualification for waiver in his affidavit and adequately presented his argument regarding post-hoc rationalization in his motion to compel. The court finds that in sum, Plaintiff presented all relevant arguments for application of fee waiver.  Second, and perhaps more important, the court's ruling on DEA's motion for summary judgment  does not prejudice Plaintiff because it has relatively little effect on Plaintiff's overall effort to gain access to information to the relationship between DEA and Oales or Alho.  The

quality and quantity of information that Plaintiff is legally entitled to recover through the FOIA process will be determined by the extent to which the court finds FBI's invocation of FOIA exemptions apply in light of the <u>Vaughn</u> index that has been produced by FBI or any future <u>Vaughn</u> index that may be required by the court.  Once it becomes clear what information Plaintiff may recover under FOIA under the particular facts of this case, Plaintiff is free to resubmit his FOIA request to DEA if he finds that the information recoverable is worth the cost.  Because there is no prejudice to Plaintiff, the court finds that further prolongation of proceedings to receive an opposition to DEA's motion for reconsideration is not necessary.

THEREFORE, for the reasons stated, it is hereby ORDERED, that the motion of defendant DEA for summary judgment is DEEMED to be a motion to dismiss Plaintiff's FOIA claim against DEA for failure to state a claim upon which relief can be granted.  The court finds Plaintiff has failed to state a claim for which relief can be granted because Plaintiff has failed to pay the statutory fees and has failed to show entitlement to fee waiver.  The DEA's motion to Dismiss is therefore GRANTED.  Plaintiff's claim under FOIA against DEA is hereby DISMISSED without prejudice.  Plaintiff's motion to require DEA to produce a <u>Vaughn</u> index is correspondingly DENIED.

IT IS SO ORDERED.

Dated:   September 28, 2015                               _____
                                                                               SENIOR DISTRICT JUDGE